Can you see us and hear us? What? You can you can see us, but we can't hear you. He's got it. He's got it. Place your razor. Yep, how's that? Terrific Mr. Tambusi, are you ready to proceed? Very good. Thank you Good morning, Your Honor. At the outset, I'd like to request five minutes rebuttal. Thank you Judge Judges, Ambrose, Sirica, Vanaski, I'd like to answer the questions directly and forthrightly at the outset. Can a person be a citizen of two states? No. The answer is no. What are the requirements of California law for a person to vote in that state? The person may be, must be domiciled. To what extent can a federal court interpret a state constitution? To the extent necessary to vindicate the person who sues or is here before this court's federal constitutional rights. Taking And this picks up on a thread that I that I started last week, and it actually may take us back full circle to a the Superior Court decision back on May 2nd. Constitution in New Jersey says that no person shall be a member of the Senate who shall not have been a citizen and resident of the state of New Jersey for four years. To be a citizen means being domiciled. Yes, sir. You can only be a citizen or domiciliary of one state. To vote in California, you must be a resident, which in California means you must be a there, a domiciliary under its statute. You also have to file a an affidavit of registration saying that you are domiciled in order to vote. Mr. Lewis voted two years in 2008 and 2009 in California, so he was presumably domiciled there. You cannot be domiciled in New Jersey until you cease being domiciled in California, and that happens some well after, at this point, well after May of 2009. Two things, Judge, if I may. First of all, voting only raises a rebuttable presumption of domicile. It does not conclusively establish domicile. But how about the affidavit of registration? That's when he registered to vote. When he registered to vote, he signed the affidavit of registration. When was the last affidavit of registration signed, to your knowledge? There's, I don't have knowledge of that, Judge, because it's not in the record. I think we have to go back to the fact that at the administrative law hearing, where the only record was created, court there, the judge there, decided that the burden was on the challenger, and there was no evidence put in on that fact, because it was not necessary at that time in that proceeding under the standards that that judge was using. So there was no evidence in that record, which leads us back. Now, let me ask you, the California Electoral Code, it's either 349 or 350, talks about an affidavit of registration being required. Is it for each election, or just when you first go to the state, or what? I'm not, I'm not certain of that, Judge Ambrose. I don't know the answer to that question, as I stand here before you. I do know that Mr. Lewis voted via mail on each of his voting, on each of the times that he voted in California. I do know that in New Jersey, there's a lot of small print on the absentee ballots that indicate that you have to certify that you're a resident of the state of New Jersey. Whether or not Mr. Lewis knew or understood what the word domicile meant at that time, or whether or not domicile was even used on a California application, I don't have that information, Judge, and it's not in the record. It's not in the record. But this brings us back to the as-applied challenge, because we are looking, really, the issues of are issues that should have been resolved at the district court, factual issues, on an as-applied challenge, and they weren't done, because the district court did not have the hearing on the as-applied challenge, and the district court did not... But where you do have it dealt with pretty carefully was in the May 2nd Superior Court Appellate Division opinion. The Appellate Division opinion, using a deferential standard, reviewing a record in which the burden of proof was on the interveners, the challengers to Mr. Lewis's candidacy, a hearing that was held on two days notice. That's the record that they reviewed. And more importantly, there has not been one court in New Jersey, one tribunal, one court, no one in New Jersey has dealt with the federal constitutional issue. That federal constitutional issue came before this court on appeal from the district court. The New Jersey State Supreme Court deferred the constitutional issue. That's where... They didn't defer. I don't think they deferred it. They did not address it at all, but they certainly didn't send it back to us to decide. I think what this, yeah, I think what they said was that they didn't think that they were warranted to decide a federal constitutional issue. The exact words, there being no warrant for the court to address the federal constitutional claims that remain pending in the United States District Court for the District of New Jersey. But, but then I come back to this is almost where you, you and I were on May 4. If the logic, or my chain of logic, whether it's logical or not to you, but my chain of logic, if that's the case, then in effect, you're saying a constitutional challenge really has to be facial, which is the argument you were making on May 4th, rather than as applied. Because if it is as applied, then this person who's not, we don't have a suspect class here, this person, at least at some point within the last two years prior to saying that he was a resident and domiciliary of New Jersey, or citizen of New Jersey, declared himself to be domiciled in California. So the only way it would appear that constitutionally you could win would be if there's a facial challenge, and we were beyond that. We, in effect, decided we would not go on facial challenge back in May. But then there would never be an as-applied challenge, because if we're looking at domiciliary... Back then, we were looking primarily how close the person came to being a resident for four years. I mean, if you look at the page four of the entire appellate division case, he was eight days short, according to them. Correct. And it may be more nuanced than that, and that's where we got into the last time. Maybe it should have been, you know, maybe it should be when you become a member. Maybe it's not necessarily when you buy the house, so maybe it's not November 16, 2007. Who knows? But if a person is only eight days short with respect to the state residency, and clearly complies with a one-year residency with regard to the district, then you're possibly in as-applied challenge land but here it's hard to say that he was a citizen of New Jersey in in 08 and 09. Well, if on the one hand we accept the appellate division rulings and indicate, clearly indicate that this court does not sit in review of the New Jersey Appellate Court ruling, and we note that the Appellate Court ruling says that he's eight days short based on their review of the limited factual record under the limited standard review, and we accept that. And then we look at the requirements that the state puts forth for a person to be qualified as a candidate, and the articulated reasons, knowing the district... If the, you know, if the test is Welford still in this circuit, and it's not rational basis, but strict scrutiny, then the two compelling reasons they gave... I did not and do not believe they would would fly, but that's if you get to an as-applied challenge. And the only way we get to an as-applied challenge is through the district court, and the district court never made the as-applied challenge analysis, never had the as-applied challenge hearing. There was no as-applied challenge by the fact-finding court in this matter, and that's where there's an error. And now we're 45 days out from the election. If we were arguing this in June, as we expected to, or perhaps even July... I thought we're today, we're 53 days out. 45 days will be the 24th? 49, Your Honor. Oh, 49. 49 days. There's actually a thing on the internet you can go to and figure that out. But if we were arguing this in June or July, we could be certain that the voters would have a meaningful choice. Now we're 49 days out. If this office is declared vacant, there will be no meaningful choice, number one, because they're not, may not very well be a choice at all. Because there's a number of other factors that play at this. We never had the as-applied challenge. Carl Lewis's federal constitutional rights were never addressed at any stage in state court proceedings, although they were raised at each and every stage before the Administrative Law Judge, before the Secretary of State, before the Appellate Division, and before the Supreme Court. Well, because what they decided was, you know, in terms of federal-state relations, they would stay away from the federal constitutional issue, and your opponents are saying that we should probably stay away from the state constitutional issue. Well, then that's contrary to Harrison and Anderson that say that when the federal constitutional issue is presented to the court, the court, the only court that has the opportunity to rule on it, then this court, or any federal court, has the right to abdicate that responsibility. I guess what I'm saying to you is, to make the as-applied challenge, don't you, in effect, have to be eligible or qualified to do so? And if you're not a citizen of New Jersey, at least in 08 and 09, do you really qualify? We do, Judge, because voting in California by absentee ballot is one factor to consider, and it's not a dispositive factor. And if we look how the New Jersey courts, in particular, the most recent decision, the Appellate Division decision in King v. Lopez, how they treat voting in other states, along with a whole host of other significant activities, we know that Carl Lewis would be qualified, under the standard that the Appellate Division in King v. Lopez. What are we to make of the fact that King v. Lopez was decided roughly a year before Mr. Lewis's case, and the Appellate Division did not follow King v. Lopez, which, I think on its facts, is still quite different from the situation here. Different standard of review. The Appellate Division, in this case, looked at this under a purely deferential standard on an appellate review of the Secretary of State's decision. King v. Lopez came from a trial court that made findings of fact on the record on a de novo review. Because if the interveners here had waited until after the primary to challenge Carl Lewis, as we argued that they should have done, because they were Republicans challenging Democrat candidates in a Democrat primary, and argued that they did not have standing at the outset, then they would have had to go to Superior Court, then we would have had the Superior Court trial, then we would have had the de novo review by the Appellate Division, which is not what happened here. We had the deferential standard of review by the Appellate Division of the Secretary of State's decision, on a limited record, on two days notice before an administrative law judge, where the burden of proof was put on the challengers to Carl Lewis's petition. Any other questions? Mr. Tambusi, I'm sorry, Judge Van Aske, yes. I just have one question. Could you Could you have prevailed at an as-applied hearing in the district court under a rational basis standard of review? I think, Judge, under a rational, clearly the standard would be much harder, obviously, but under a rational basis standard review, reviewing all the facts as they relate to Carl Lewis, given the fact that the state of New Jersey is not able to articulate or establish or put forth any foundational evidence justifying the articulated reasons, the two that are left, we believe that we could withstand a rational basis or be sustained under a rational basis standard of review. Because the critical point is, is that unlike the cases submitted on the petition for rehearing Ambach, Fashing, and Burdick, and Anderson, those cases, the state was able to establish a foundational basis for the articulated reasons why the constitutional impairments were there. Here, there is zero, zero evidentiary or foundational basis for the articulated reasons put forth by the state. That's why we believe, coupled with all the facts in the record, on a fully developed record, had we had the opportunity to fully develop the record, we would have prevailed under any standard in the district court. Good. Any other questions? Thank you very much, Mr. Tambusi. Mr. Sheridan. Thank you, Your Honor. Mark Sheridan from Trinker, Bill & Ruth on behalf of the interveners. Your, Mr. Tambusi says that Judge Hillman did not actually decide the as-applied challenge. Is that correct? That is not correct, Your Honor. An as-applied challenge is an evaluation of the facts related to Mr. Lewis. Those were evaluated. Let's be clear. What Mr. Lewis is here today seeking is for this court to set aside principles of federalism and comedy and to sit as an appellate court of the New Jersey Superior Court. He is asking this court to wade into issues that have already been decided in the state court. He asked this court to interpret the New Jersey State Constitution as applied to Mr. Lewis. That has been done. The appellate division rendered that conclusion. It interpreted the relevant cause and came to the conclusion that he did not satisfy it. Did the appellate division opinion of May 2, was that, did that deal with any federal constitutional issue? It did not, Your Honor. I didn't think so. It dealt solely with the state issue, which is whether he meets the residency requirement. I think the only time that I can recall that anyone dealt with the as-applied constitutional challenge for equal protection was Judge Hillman. That's correct, Your Honor. Okay. The, and the problem that we had there, if, when you get to an as-applied challenge, or if it's fully before you, is that, look, I would bet if this went to the Supreme Court that it probably would end up being rational basis. The other way to, the argument on your side is, even if it's strict scrutiny, look at what happened in Sununu in Jumento, which was seven years. But you've got this sort of thing sticking out called Welford, and that, that's the concern. Unless we go in bank, the test in Welford is, is strict scrutiny. And in this particular case, it was a, you know, with somebody so close, and when the reasons given don't appear to fly, he knows the state, and the state knows him quite well. That's the concern. But the, the big problem that I have, as I've noted, and I started last week and finishing it out today, is looking at what the requirements are in California and New Jersey with respect to citizenship, and what one has to do to be a citizen or domiciled in those states. That's the hang-up that I have. Your Honor, I don't believe there's any question that, by virtue of his voting in California in 2008-2009, Mr. Lewis evidenced that he was domiciled in California. As such, he cannot have been domiciled in New Jersey, and cannot meet the residency requirement. With respect to Welford, Your Honor, Welford dealt with a local residency requirement. The court there specifically noted that it was not attempting to overturn a requirement related to the state legislature. Thus, in the context of this case, which involves a state legislature and a lesser time restriction, I would suggest that Welford is not binding. Welford specifically exempted this exact situation from strict scrutiny. Even with... Even with the factual differences between this case and Welford, is Welford, in your view, is Welford still good law in light of the Supreme Court decision subsequent to that? I do not believe so, Your Honor. Well, the Clements v. Fashing is what... and it... that clearly is rational predicate, but it appears that was only a plurality. It was, Your Honor. However, Anderson and Burdick were not. And the court has found that there is no fundamental right to candidacy. And as a result, the concl... And they've also found that there is no right to vote. And in fact, the court in Burdick specifically stated that, that you do not implicate the right to vote when the issue is candidacy. That is the... that is the failing of Welford. Look, Walker got it right. They might have guessed at it, but the Walker court successfully predicted what the United States Supreme Court would do and concluded that rational basis was appropriate. The Welford court accepted the decision of when it issued Welford. And while Welford may have been well-meaning, it was wrong. The Supreme Court has subsequently walked away from the decision in Welford. And it hasn't walked away a little, Your Honor. It has walked away completely. Whether it's Clements, Anderson, or Burdick, rational basis is the appropriate standard. But if we... but if we deal with as-applied challenge, we can't overrule, even if... right or wrong, we can't overrule it absent going in bank. Unless you can distinguish it. And your distinguishing of Welford is that that involved a local election, in this case, Wilmington mayor. I'm not sure how a Wilmington mayor is really different from a state legislative district. Well, Your Honor... For purposes of analysis. It was... for purpose of analysis, it is sufficiently distinguishable that the Third Circuit itself distinguished it. This isn't me saying that Walker was so unique in this... The Third Circuit itself distinguished Welford? Distinguished Walker. And said, Walker, which is the equivalent of this case, is different. And we are not, by any means, overturning it. With all due respect, I don't need to distinguish it because the Third Circuit has done that for me in this instance. I mean, the problem later on is, although it's a footnote in our Lutz case back in 1990 that talks about Welford, you know, as being good law. But not in the context of a legislative... No, it's a different case. Again, in the context of a local election where there is a heavier burden placed on someone than there is in a... in the state... I think Judge Fineschi had a question. Sorry, Judge Fineschi? That's all right. It's... it is difficult. I had two questions. And the first dealt with the fact that Walker was distinguished because the durational requirement was different in Walker than it was in Welford. And the... territorial unit was... was different. It didn't distinguish it on any other basis. But, Your Honor, those same issues apply here. Whereas local durational residency requirements have been struck down in New Jersey, the state durational residency requirements have not. Especially where they're left in the state constitution. Are you suggesting that there would be a different standard of review depending upon the source of the legislation that imposes the durational requirement? Your Honor, I'm not suggesting that. The Third Circuit suggested that in Welford. And I believe that that has withstood the test of time. Does that make any sense that you could have one standard applies to a local ordinance and a different standard applies to a statewide constitutional revision? Your Honor, I would again suggest that Welford is incorrect. And I believe that Burdick, Anderson, Clements, Bullock have all rendered it incorrect on that very issue. While I understand that the court was attempting to anticipate what the United States Supreme Court was going to say on the issue and perhaps attempting to reconcile some loose language in Bullock, it got it wrong. And in doing so stands at odds now with a series of United States Supreme Court cases from the 1980s dictating that in candidacy cases where there is no implication of the right to travel interstate, and there is no other fundamental right that is burdened, that rational basis is the appropriate standard. Thank you. Any other questions? No. Good. Thank you, Your Honor. Good. Is there anything else? Your Honor, at this point in time, I would yield to Ms. Kelley. Very good. Thank you. Ms. Kelley. Good morning, Your Honors. Good morning. We continue to take the position that Judge Hillman properly made the ruling here that the rational basis is the appropriate standard of review. In terms of the Welford case, we do believe that it is distinguishable from this case. And also, Welford, as you had indicated, Judge Ambrose, it was, you know, pre-Clemens. Unlike Welford here, like Walker, we are dealing with a state office. And Judge Vanesky, in terms of your question about why should we make a distinction between it being a local office as opposed to an office by which the durational residency requirement is mandated by the state constitution, I would just refer to Sununu, Trementu, and even the Hankins case where they did did, that did carry weight with those decisions to uphold those durational residency requirements. And even in this, Judge Adams, in the Walker decision, made great note that it was the voters of Delaware who made the decision to have a three-year residency requirement for their state office, and that absent the finding of a constitutional violation, which would be appropriate to have judicial intervention, it should be the voters of that state who decide otherwise. And here in New Jersey, well, for the state of New Jersey, although we are standing here in Pennsylvania, we have a 167-year constitutional provision. Twice our voters have said we want this four-year requirement to stand and to continue. Mr. Lewis does not meet that four-year requirement. That was so found by our state courts, and we believe that... The constitution was most recently revised when, in 47? No, Your Honor, it was 1966. It was first enacted in 1844. The votes to the voters went in 1947 and 1966. And going all the way back to the 1840s, it was a four-year... Yes, 1844. Yeah. Originally back like in the 1776 constitution was a one-year requirement, but in 1844 they moved it to to the four-year requirement. In terms of the California voting requirements, I would just also like to highlight that when you are signing the voter registration form in California, as in New Jersey, you know, you're certifying that you are resident state and that you're domiciled, and that they're... that you're certifying it under penalty. That if you're not a domiciliary, you should not be voting in that state, and... I think there was a site that there's a criminal violation if you do violate it, but I think that's been abrogated, if I'm not mistaken. I'm not sure about that, Your Honor. We just... I don't know. We have it in New Jersey, and we certainly don't have that that abrogated there. I'm talking about the criminal violation. Okay. The other... everything else is correct. I'm just saying I'm not so sure it's a criminal violation anymore. Okay. Is Lopez... changes things? Well, the thing I don't understand about... you can't have it both ways with King v. Lopez. I mean, with King v. Lopez, the appellate division applied the same standard of review that it applied here in the Lewis case. It was, unless... in terms of findings of fact, unless the... the court was convinced that the lower proceeding decisions were arbitrary and capricious, they would not be overturned. In both cases, in King and in the Lewis case, there were a hearing, administrative hearing versus the trial court hearing, but nevertheless, there was still a hearing, and both courts came to uphold what the lower court decided, or the lower proceeding held, so to speak, and substance-wise, in King, the court was really affirming that the... the trial court determined that the contest was out of time, and in a sense, I... I would argue perhaps it was dicta at the very end of that decision, was the last paragraph, by the way, if we were going to be deciding the merits, we would have held... would have upheld the court, and factually, there doesn't seem to be any question that Ms. Lopez was living in Jersey City and was... was... had a public position there and had run for... for party office, so to speak, and with being a one-year requirement. Here, while Mr. Lewis has been claiming that he met the four-year requirement, it just begs the question, if you were really domiciled and living here in New Jersey for the four-year requisite period of time, how is it that you were voting in California up until May 2009? How come no income tax returns were being filed to New Jersey as late as 2009, when our state law for the... for the... for a resident taxpayer to file a tax form is that you are permanently domiciled in the state, so all that coming together, we are... we truly believe that Mr. Lewis does just not meet our requirement, and... and as I articulated with the court the other... last week, it's not a permanent bar for his... his... his quest to run for the office of State Senate. In 2013, there'll be another Senate race, and as I had earlier said, he could have run for any other host of offices, but for... but for State Senate, so unless the court has any further questions. No, so in 2013, you're reiterating that... Yes. He can run for State Senate. Yes, Your Honor. Thank you, Your Honor. Hold on a sec. Judge Vanesky, any questions? No, I do not. Thank you very much. Thank you very much, Mr. Kelly. Judges, there has no... been no case like this before that we've been able to find in any of our research, but we do need to look at the principles that are espoused by New Jersey law, and United... the New Jersey State Democrat Committee versus Sampson asked... or directs that New Jersey law be interpreted to guarantee the voters a right to choice, to give the candidates the... candidates the opportunity to get on the ballot. In this case, it's important to err on the side of choice for the voters. The right to travel is implicated in this case, whether they want to believe it or not, and if we look at how the New Jersey State Democrat Committee evaluates things, the difference between a rational basis argument and a strict scrutiny, we can look no further than Matthews, where the court said that we find some other heightened scrutiny... scrutiny test that's available, and under that test, Carl Lewis meets the standard. He meets the standard because we know that King v. Lopez was not an arbitrary and capricious review. King v. Lopez was a de novo review, which is significantly different, and that was a completely erroneous statement that was made about the standard of review that was used in King v. Lopez. Here, again, we're 49 days out from the election. If we were arguing this this past June or July, we can better protect the rights of the voter, but here we're jeopardizing the democratic process for a meaningful choice in the 8th legislative district. We are at 49 days out from this election. This office is deemed vacant. In order to do that, this court would have to overrule Welford, which is binding law on this panel before the Third Circuit. This court would have to disregard New Jersey State Democrat Committee v. Sampson. This court would have to disregard Matthews, Carroll. What would be your test as to when someone qualifies or is eligible for an as-applied constitutional challenge? Well, under the articulated basis, and the only articulated basis that the state is able to... No, what would be your test as to when someone qualifies for consideration on the as-applied constitutional challenge? Someone qualifies when it's established that they're known to the voters and they're conversant and know the issues in the district. And that sounds very much going full circle to a facial challenge as opposed to an as-applied challenge. No, but you have to make a factual analysis in order to determine that. And that's what as-applied does and that's where I'm saying that if you look to... You said it last time. If it wasn't for the fact that he voted in California, you might not be here. We wouldn't. And but what that that action and the implications of it and what the law says it means that you have what you have to do in order to qualify to cast that vote in California would seem to put him into an area where it's tough to say that an as-applied challenge as to this particular candidate would fly. If he hadn't voted in California, if he was only eight days short, then you've got a... It's very close and clearly an as-applied challenge would come into play and that's sort of where, at least I was, last May 4th. Let's go forward, see what happens on the as-applied challenge. But the more you look at it, the more concern I have. The concern, Judge Ambrose, is that as long as you look at, the concern can be addressed by this. As long as you look at voting as creating a rebuttable presumption of domicile, it's not a disqualifying factor and the law requires that it only be looked at as a rebuttable presumption of domicile. There's a whole host of reasons, I mean we didn't even get into, because we didn't have to at the Administrative Law Judge and didn't have the opportunity before the District Judge, as to whether or not Carl Lewis understood what he was signing, where the words are resident or citizen. Does that mean domicile? How many average people even know what domicile means? Let alone... There's a lot of things that we don't know, but because of the laws of a particular jurisdiction, we are deemed to be acting under and therefore deemed to be to in effect know. I mean, this is not a case... No one's accusing the man of saying he deliberately did something with the intent to deceive. That's not the case here. The question is, actions have consequences under California law. And those consequences create rebuttable presumptions. And that presumption has been rebutted by Carl Lewis's actions since 2005 in New Jersey and in particular in the 8th Legislative District. Carl Lewis has put forth a whole host of actions, facts, that put his feet on the ground, that enable him to meet the test that the state put forth. Do you know the voters? Do the voters know you? Do you know the issues? He can meet all those because he was actually here. This Court asked us to come back after... submit to the Court after last oral argument references in the record as to where Carl Lewis was living. We gave you those references in the record. It looks like the best that can be said. Starting in 2005, there was a process begun that ultimately resulted in Mr. Lewis becoming a resident of New Jersey. We're not quite sure when it began. Judge Ambrose, the testimony, the unrebutted testimony... Or when it actually ended. When did citizenship in New Jersey actually start? I'm not sure when that began. When he testified that he was living in New Jersey in 2005, he began living in New Jersey in 2005 after having lived there through his entire youth. Yeah, but I don't think anybody has, any State court has made a finding that he was a, became a resident of Jersey in 2005. It's just that he bought a place in New Jersey in 2005. But it wasn't rebutted on the record and there was no opportunity given by the District Court to develop... He bought two places in New Jersey in 2005. Yes. Yes, Your Honor. Unless there's any further questions by the court. Anything, Judge Vanaski, any further questions? No. All right. Mr. Tambucci, thank you very much. Again, we thank counsel for a superb job. And especially for answering our questions yesterday afternoon with such dispatch. And the arguments have been clearly presented. Lawyers have done a terrific job. We understand the time constraints in this matter and take the matter under advisement. Again, thank you.